1  NEDA FARAH (State Bar #269819)
   neda@nedafarahlaw.com
2  FARAH LAW, P.C.
   8383 Wilshire Boulevard, Suite 510
3  Beverly Hills, California 90211
   Telephone: (310) 666-3786
4  Facsimile: (775) 261-1726
5
   TAXIARCHIS HATZIDIMITRIADIS
6  *Admitted Pro Hac Vice*
   teddy@consumerlawpartners.com
7  CONSUMER LAW PARTNERS, LLC
   333 North Michigan Avenue, Suite 1300
8  Chicago, Illinois 60601
   Telephone: (267) 422-1000
9  Facsimile: (267) 422-2000
10
   *Attorneys for Plaintiff*
11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVIA DIAZ,<br><br>            Plaintiff,<br><br>v.<br><br>FORD MOTOR CREDIT<br>COMPANY, LLC,<br><br>            Defendant. | CASE NO. 3:20-cv-06027-LB<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 41(a)(2)]**<br><br>Date:  March 4, 2021<br>Time: 9:30 a.m.<br>Courtroom: B<br>Judge: Hon. Laurel Beeler |
| FORD MOTOR CREDIT<br>COMPANY, LLC,<br><br>            Counter-Plaintiff,<br><br>v.<br><br>OLIVIA DIAZ,<br><br>            Counter-Defendant. | Action Filed: August 27, 2020 |

1

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 4, 2021, at 9:30 a.m.., in Courtroom B, located on the 15th Floor of the above-referenced Court at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff will move the Court to dismiss her claims with prejudice.

Plaintiff should be permitted to dismiss her claims against Defendant with prejudice, as Defendant's counterclaim would simply be dismissed without prejudice, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Defendant would still be able to bring its counterclaim in state court or arbitration.

This Motion is based upon this Notice of Motion, the accompanying Memorandum Points and Authorities, the pleadings and the records on file herein, and on any oral argument or evidence that may be presented at the hearing on this Motion.

DATED: January 26, 2021

By: /s/ Neda Farah
FARAH LAW, P.C.
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com

By: /s/ Taxiarchis Hatzidimitriadis
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
Telephone: 267-422-1000
Facsimile: 267-422-2000
E-Mail: teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Olivia Diaz*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

NOW COMES, Plaintiff and Counter-Defendant OLIVIA DIAZ ("Ms. Diaz"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 41(a)(2), bringing this Motion to Dismiss her case with prejudice, and to dismiss Defendant and Counter-Plaintiff FORD MOTOR CERDIT COMPANY, LLC's ("FMCC") counterclaim without prejudice and with leave to reinstate in a proper forum. In support thereof, Ms. Diaz states as follows:

**II. BACKGROUND**

**A.     Procedural History.**

On August 27, 2020, Ms. Diaz filed the instant case against FMCC, alleging violations of the Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). *See* Dkt. 1. Ms. Diaz's claims stem from alleged unlawful calls placed by FMCC to Ms. Diaz. *Id.* Specifically, Ms. Diaz alleged that FMCC violated the TPCA and RFDCPA by placing not less than 30 phone calls to Ms. Diaz's cellular phone without her consent. *Id.*

FMCC proceeded to file a counterclaim against Ms. Diaz on November 20, 2020. *See* Dkt. 17. In its counterclaim, FMCC asserted four state law claims against Ms. Diaz, specifically for breach of contract, money had and received, claim and delivery of personal property, and declaratory relief. *Id.* On December 9, 2020, FMCC also filed a motion for joinder. *See* Dkt. 29.

Ms. Diaz's claims stem from alleged unlawful phone calls placed by FMCC, and the parties disagreed as to the number of phone calls that were made. The parties further agreed that resolving this factual issue would likely dispose of Ms. Diaz's claims, and in turn, would save the parties significant time and resources. Accordingly, on December 16, 2020, Ms. Diaz issued a subpoena to her cellular phone carrier, AT&T Wireless ("AT&T"), requesting that it produce her telephone

3

records. By the same token, on December 23, 2020, the parties filed a Joint Stipulation to Postpone Deadlines, as they agreed that Ms. Diaz's subpoenaed phone records would "assist the resolution of the case and avoid unnecessary litigation expenses." *See* Dkt. 33, p. 2.

On January 12, 2021, the parties received Ms. Diaz's phone records from AT&T, and upon reviewing the same, Ms. Diaz learned that while FMCC did place calls to her cellular phone, it was not at the volume alleged by Ms. Diaz in her Complaint. In light of this new evidence, Ms. Diaz does not believe that she can meet her burden in establishing a violation of the TCPA and/or RFDCPA. Accordingly, Plaintiff has determined that dismissing this case with prejudice would be the best course of action.

On January 13, 2021, Ms. Diaz's counsel informed FMCC's counsel that Ms. Diaz wished to dismiss her claims with prejudice, however, due to the fact FMCC has not indicated its amicability to Ms. Diaz's proposed dismissal terms, Ms. Diaz is asking this Court to dismiss her claims against FMCC with prejudice, and to dismiss FMCC's state-law counterclaim without prejudice, with leave to file in the proper forum.

### III.  ARGUMENT

**A.    Legal Standard.**

Whether to grant a Rule 41(a)(2) motion lies within the district court's discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). A Rule 41(a)(2) motion should be granted unless a defendant can show it will suffer "some plain legal prejudice" as a result of dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

**B.    No Legal Prejudice to FMCC.**

Ms. Diaz has already agreed to dismiss her claims against FMCC with prejudice, which would foreclose her from raising the same allegations against FMCC in the future. Furthermore, Ms. Diaz is not asking this Court to dismiss FMCC's counterclaim with prejudice. Rather, Ms.

4

Diaz is requesting that this Honorable Court dismiss FMCC's counterclaim without prejudice, which would still allow FMCC to bring its claims in a proper forum.

Once Ms. Diaz's TCPA claim is ultimately dismissed, this Court will no longer retain original jurisdiction over FMCC's counterclaim, as the claims arise solely under state torts. Pursuant to 28 U.S.C. § 1367c(3), Ms. Diaz respectfully requests that this Honorable Court decline to exercise supplemental jurisdiction over FMCC's counterclaim upon the dismissal of her claims, which again, would still allow FMCC to bring any claims against Ms. Diaz in a proper forum. As FMCC indicates in its First Affirmative Defense, "[t]he dispute giving rise to the Complaint is subject to a binding Arbitration Agreement between Plaintiff and Ford Credit. Ford Credit reserves its right to seek to compel Arbitration." *See* Dkt. 17, p. 5. Accordingly, a dismissal here would not result in any legal prejudice against FMCC, as FMCC would still preserve its right to assert its counterclaim not only in state court, but in arbitration as well.

Ultimately, dismissal by court order is warranted because Ms. Diaz has in good faith, and early on in this litigation, come to the conclusion that she cannot meet her burden in establishing her TCPA and RFDCPA claims. Moreover, any dismissal here would not result in any legal prejudice to FMCC. Based on the totality of circumstances, dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is appropriate.

## IV. CONCLUSION

WHEREFORE, Plaintiff, OLIVIA DIAZ, respectfully requests that this Honorable Court enter an Order:

    a.  Granting Ms. Diaz's Motion to Dismiss her Complaint with prejudice;

    b.  Dismissing FMCC's counterclaim without prejudice, with leave to reinstate in a proper forum; and

    c.  For such other and further relief as the Court deems just and proper.

DATED: January 26, 2021

Respectfully submitted,

By: /s/ Neda Farah
FARAH LAW, P.C.
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com

By: /s/ Taxiarchis Hatzidimitriadis
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
Telephone: 267-422-1000
Facsimile: 267-422-2000
E-Mail: teddy@consumerlawpartners.com

*Counsel for Plaintiff, Olivia Diaz*